Wanamaker, J.
The plaintiff in error, Abe Hoffrichter, was found guilty by the mayor of the village of New Alexandria, Jefferson county, Ohio, of keeping a place where intoxicating liquors were sold, furnished, or given away in violation of law, pursuant to Section 13195, General Code.
The judgment of the mayor was affirmed by the court of common pleas of Jefferson county, which judgment was in turn affirmed by the court of appeals of Jefferson county.
*66 Section 13195 reads as follows:
“Whoever keeps a place where intoxicating liquors are sold, furnished or given away in violation of law, shall be fined not less than one hundred dollars nor more than five hundred dollars, and, for each subsequent offense shall be fined not less than two hundred dollars nor more than five hundred dollars. The court, on conviction for a second or subsequent offense, shall order the place where such liquor is sold, furnished or given away in violation of law, to be abated as a nuisance,- or shall order the person convicted for such offense to give bond payable to the state of Ohio in the sum of one thousand dollars, with sureties to the acceptance of the court, that such person will not sell, furnish or give away intoxicating liquor in violation of law, and will pay all fines, costs and damages assessed against him for violation of laws relating to the sale of intoxicating liquors. The giving away of intoxicating liquors, or other shift or device to evade the provisions of this section, shall be unlawful selling.”
Two questions are raised under this section of the statute. The first is the right of trial by jury. It is conceded that this was the first offense of plaintiff in error and that such first offense does not provide for imprisonment, but only for a fine; and that only a fine was imposed in this case.
It has long been the settled doctrine of this state, confirmed by repeated decisions of all our courts, that where the penalty imposed by criminal statute is merely a fine the right of trial by jury as guaranteed by the constitution.does not apply. Inwood v. State, 42 Ohio St., 186; State, ex rel. Smith, v. *67 Smith, 69 Ohio St., 196, and State v. Borham, 72 Ohio St., 358.
The other question is more novel, and is therefore given fundamental consideration. In brief, it is this: Does the language “in violation of law,” as used in Section 13195, include a constitutional law, or must there be a special statute other than Section 13195 on which to predicate this prosecution?
Under the old constitution the usual practice in the trial of criminal cases under the statute here involved was to show that the place kept was one where intoxicating liquors were sold in violation of some particular statute, such as a sale to a minor, or to persons in the habit of becoming intoxicated, or in dry territory, and the like, and it was for the court to say whether or not the sales made, under the evidence, were such as to constitute a violation of one or more of the statutes of the statfe.
It is conceded that at the time, the state constitution did not generally prohibit the sale of intoxicating liquors as a beverage. The present state constitution, and the federal constitution as well, now prohibit such sales, and the question is whether or not the keeping of a place where such sales are made is “in violation of law,” agreeable to the statute herein involved.
■ It will be noted that the statute itself does not say in violation of some statute, or any statute, but simply “in violation of law.” The term “law” is clearly broad enough to comprehend constitutional law as well as statute law, and surely any given act prohibited by the constitution is unlawful, as much so at least as the same act when prohibited by *68 statute. It would be a super-refinement of distinction to say that the sovereign people, as the principal in government, could not make an act as unlawful as their agents, the legislature. It attributes to an agency greater power than to the principal, — something that is incredible. Indeed the modern practice of the people in the making of constitutions is to do much of their own legislating direct, rather than await the pleasure and discretion of the legislative body.
Had the state prohibition amendment merely authorized the legislature to declare the sale of intoxicating liquors as a beverage unlawful, the situation would be otherwise. Then it would be necessary to get legislative action, because the constitutional amendment would not be self-executing. Here it is self-executing, at least to the extent that it denounces the act as unlawful. The supreme court of Michigan, in The People, ex rel. Hughes, v. May, 3 Mich., 598, laid down this self-evident doctrine in very clear and concise terms, at page 605:
“A constitution is law, the people having been the legislators — as much as a statute is law, the Senators and Representatives being the legislators.” The judgment of the courts below is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.